## UNITED STATES v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

District Court, E. D. New York.
January 27, 1930.

Nos. 1362–1364.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Monroe & Byrne, of New York City (John D. Monroe, of New York City, of counsel), for defendant.

GALSTON, District Judge. Motions are made by the defendant, in these three actions, for orders dismissing the complaints because of the failure and default of the plaintiff to file complaints in compliance with written demands therefor, and for want of prosecution, pursuant to sections 181 and 257 of the Civil Practice Act of New York and Rule 28 of the General Rules of this court.

It appears that the time for the filing of the complaints or for proceeding with the actions was not extended by any order of the court or by stipulation or consent of the defendant or of its attorneys, and that therefore the plaintiff is and has been in default in serving its complaints since on or about December 13, 1921.

From the notice of demand indorsed upon the summonses, it would appear that the object of the actions was to recover from the defendant taxes assessed against the Kings County Electric Light & Power Company for the taxable years 1910, 1911, and 1912 under the Corporation Excise Tax Law of August 5, 1909 (c. 6, 36 Stat. 112–117, § 38), together with interest and penalties thereon. From the affidavits herein it appears that those assessments had been paid by the Kings County Electric Light & Power Company in June of each of the years 1911, 1912, and 1913. Thereafter the Kings County Electric Light & Power Company began an action in October, 1915, to recover the payments thus exacted by the government. That action was pending, when in November, 1921, the present suits against the defendant were instituted.

The reason for the bringing of the action in 1921 apparently arose out of the following circumstances:

Prior to the Revenue Act of 1918 (40 Stat. 1057), there was no limitation against suits by the government to collect income taxes. The limitation contained in the Revenue Act of 1921, c. 136, 42 Stat. 227, 265, § 250 (d), was made to apply against the collection of taxes under all the earlier acts, including the act of August 5, 1909. It would appear, therefore, that the bringing of these actions was for the purpose of avoiding the operation of the Statute of Limitations contained in the Revenue Act of 1921.

Though the Kings County Electric Light & Power Company action, heretofore referred to, to recover the payments made was begun in 1915, for some unexplained reason it was not until 1925 that a judgment was obtained directing the repayment of the taxes imposed. In August, 1925, the plaintiff paid the amount of the judgment obtained.

With the merits of the pending actions we are not concerned, since the question for decision is one relating only to practice. U. S. Code, Title 28, § 724 (28 USCA § 724), provides: "§ 724. Conformity to practice in State courts. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding. (R. S. § 914.)"

Now the Civil Practice Act N. Y. § 257, recites: "If a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, * * * his attorney, at any time within twenty days after the service of the summons is complete, may serve upon the plaintiff's attorney a written demand of a copy of the complaint, which must be served within twenty days thereafter. * * * If the plaintiff's attorney fails to serve a copy of the complaint the defendant may apply to the court for a dismissal of the complaint."

The Civil Practice Act N. Y. also provides, section 181: "Where the plaintiff unreasonably neglects to proceed in the action against the defendant, * * * the court, in its discretion, upon the application of the defendant * * * against whom he so neglects to proceed, may dismiss the complaint as against the moving party * * * and render judgment accordingly."

The General Rules of this court, 17 and 28, are:

"17. Service of Papers. Service of any pleading, notice or other paper in a civil cause shall be (unless this Court on special application otherwise order) in accordance

with the practice of the Supreme Court of the State of New York."

"28. Cases which have been pending in this Court for more than one year without any proceedings having been taken therein during such year may be dismissed as of course, for want of prosecution, by the court on its own motion, at a general call of the calendar. Such cases may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

Counsel for the plaintiff, while appreciating the force and the significance of the statutes and the rules, urge that the defendant is not entitled, as a matter of absolute right, to have the complaints dismissed, and that in all the circumstances of the case the government is entitled to maintain the actions.

It is contended for the plaintiff that the related suit brought by the Kings County Electric Light & Power Company against the collector of internal revenue for refund of taxes paid by that company to the collector was held under advisement by the court from 1916 until March, 1925. The reason for that delay is explained by nobody. Assuming, however, that the fault therefor is not traceable to either of the parties, and assuming that the plaintiff was in a measure justified in not filing its complaints during the pendency of the Kings County Electric Light & Power Company action, nevertheless the controlling fact in the matter is that there is a wholly unexplained delay of four years and more, from the conclusion of that adjudication, during which time the plaintiff failed in any way to proceed herein. Had that delay been explained either by affidavit or even by statement of counsel in their brief, possibly the discretion of the court might have been challenged. In the absence, however, of any such explanation, it would be an abuse of discretion on the part of the court not to grant these motions.

In Walker v. United States (C. C.) 139 F. 409, 412, it is aptly said:

"When the sovereign sues, he brings with him no privileges which exempt him from the common fare of suitors. * * *

"The underlying principle of all the decisions is that, when the sovereign comes into court to assert a pecuniary demand against the citizen the court has authority, and is under duty, to withhold relief to the sovereign, except upon terms which do justice to the citizen or subject, as determined by the jurisprudence of the forum in like subject-matter between man and man. The acts or omissions of its officers, if they be authorized to bind the United States or to shape its course of conduct as to a particular transaction, and they have acted within the purview of their authority, may in a proper case work an estoppel against the government. * * * The principle that the sovereign is bound by his own acts, and those of his lawfully authorized agents within the purview of their authority, is a wholesome one, and requires the courts to visit an estoppel upon the sovereign in a proper case, where he invokes judicial action."

I am constrained to hold that the default and failure of the plaintiff for eight years to serve complaints herein, and more particularly its failure to proceed during the period from April, 1925, to October, 1929, constituted an abandonment of the action.

Motions granted. Submit orders on notice.